[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James Crider, Sr., et al (Crider) was hired by Superior Construction Group, Inc. (Superior), the general contractor to perform work on a lot owned by Nancy A. McAndrew. He was retained to perform site work including the clearing of trees and digging the house's foundation.
After performing certain work, Crider sent bills to Superior and received only partial payment. He, therefore, filed a mechanic's lien. When no further payments were made, he filed this suit, including a count to recover his mechanic's lien.
Crider was paid for the work he performed under the original contract, but was not paid for gravel he brought to the site and additional work which he claims was authorized by the defendants by way of oral arguments. The so-called extras were required because of the discovery of ledge at levels not anticipated. He worked with the blaster to remove ledge and also removed stumps that could not be buried because of the ledge. He claims the defendants orally agreed to pay for this extra work. The original contract was thus expanded by various oral agreements and the scope of the work was enlarged. Although there were no writings between the parties, Crider kept a meticulous log book of the extra work done and submitted contemporaneous bills. He claims the defendants, Nancy McAndrew and her husband Joseph, are liable to pay for the work done on the lot in accordance with the various oral agreements. He claims he is due the full amount of the lien, $16,459.20, as billed and stated in the mechanic's lien.
Crider claims both defendants are liable under the doctrine of unjust enrichment since the work done improved a lot owned by Nancy, but was to be the home of both her and her husband Joseph.Hartford Whalers v. Uniroyal Goodrich Tire Co., 231 Conn. 282
(1994). Both received the benefits of the work done by Crider under the oral contracts. Both Nancy and Joseph were at the site daily and observed the work done. Crider's work was accepted by the town building inspector, Tom Watkins. Since both defendants CT Page 13226 received the extra services, they should be obliged to pay for them.
The McAndrews both testified that they did not agree to the tree removal and claim Crider did not tell them that the ledge removal was an "extra." Joseph testified that in his opinion Crider could not have put in all the gravel he claimed. However, he was not qualified as an expert. The court finds his opinion to be not credible. Nancy claimed she never authorized any work beyond that of the original contract. She claims she never saw gravel used to back fill the foundation or in the driveway.
The court finds the testimony of Crider as supported by contemporaneous bills and a detailed log book entirely credible. The court does not believe the bald denials of the McAndrews.
The court finds that Crider was due to be paid on February 10, 1997, 30 days from the date of the final bill.
The court enters judgment for Crider in the amount of $16,459.20, plus interest from February 10, 1997, of 10 percent in accordance with Connecticut General Statutes § 37-3a. Interest due as of October 13, 1998, is found to be $2,751 and thereafter at $4.51 per day. Costs are also awarded.
D. Michael Hurley Judge Trial Referee